UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK C. OBAH,

                Plaintiff,

-against-

DEPARTMENT OF PROBATION,

                Defendant.

24-cv-4776 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Patrick Obah sues the New York City Department of Probation ("the department") for discrimination in hiring. He alleges that the department discriminated against him based on his race and national origin when they did not hire him as a probation officer. Dkt. 17 ¶ 5, 9, 26. He further alleges that the department retaliated against him for filing a complaint with the EEOC. *Id.* at ¶ 32. The facts below are taken from Obah's amended complaint. Dkt. 17.

Obah alleges that he was provisionally hired as a probation officer after being interviewed on the spot at a hiring fair. Dkt. 17 ¶ 1. He says he was unable to take a psychological exam due to technical issues, and that officials refused to allow him to reschedule. *Id.* ¶ 3. Instead, he was required to take a "city exam" which he alleged would involve a two-year wait. *Id.* ¶¶ 4–6.

In the operative complaint, Obah alleges discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code § 8-107.[1] He claims that the department failed to hire him because of his race, color, and national origin. Dkt. 17 ¶¶ 5, 9, 26. In support, he points to the fact that he was told that he was provisionally hired, only to be told that significant additional process would be required. *Id.* ¶ 13.

The department moved to dismiss the amended complaint. Dkt. 21. It argues that Obah's complaint fails to allege discrimination and retaliation, and that some of his claims fail for procedural reasons. For the reasons laid out below, the Court grants the motion to dismiss, but allows Obah leave to file a second amended complaint.

---

[1] Although Obah's initial complaint, and the department's motion to dismiss, reference the New York State Human Rights Law (NYSHRL), his operative amended complaint does not. The Court therefore does not address the NYSHRL.

## LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298–99 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 299 (quoting *Iqbal*, 556 U.S. at 678). When evaluating whether a complaint clears this bar, the Court must "accept[] all factual allegations in the complaint as true[] and draw[] all reasonable inferences in the plaintiff's favor." *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).

Courts construe *pro se* complaints "liberally" and consider "the strongest arguments" the complaint suggests. *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.*

## DISCUSSION

### I.   Obah fails to plausibly allege a *prima facie* claim of discrimination

To establish a *prima facie* claim for discrimination under Title VII in the absence of direct evidence, a plaintiff must show "(1) []he is a member of a protected class; (2) []he is qualified for her position; (3) []he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)). The requirements to establish a *prima facie* case under the NYCHRL are similar. *Hamburg v. New York Univ. Sch. of Med.*, 155 A.D.3d 66, 72–74 (1st Dep't 2017) (noting that the test under NYCHRL only differs after the plaintiff makes a *prima facie* case).

Obah's claims of discrimination are conclusory and fail to plausibly allege an actionable claim. His amended complaint does not explain how the alleged failure to hire was racially discriminatory, other than mentioning that he was of Nigerian decent and spoke with an accent, and the city officials whom he spoke with were "Born Americans/Latin." Dkt. 17 ¶¶ 10, 25, 28.

Although Obah points to the fact that he was allegedly deemed qualified at the job fair and passed the on-the-spot job interview only to be told to wait, *id.* ¶¶ 1, 6, 11–14, that does not create a plausible inference of discrimination. Obah does not explain why the alleged delay was due to discrimination, rather than being, *e.g.*, the product of governing regulations or city bureaucracy.

As the complaint contains nothing more than "bare, unsubstantiated allegations that Defendant[] discriminated against him because of his race and color," "he has not demonstrated circumstances giving rise to an inference of discrimination." *Rozenfeld v. Dep't of Design & Const. of City of New York*, 875 F. Supp. 2d 189, 205 (E.D.N.Y. 2012), *aff'd*, 522 F. App'x 46 (2d Cir. 2013). Obah's amended complaint therefore does not state a claim for discrimination under either Title VII or the NYCHRL.

## II. Obah fails to plausibly allege a *prima facie* claim of retaliation

To establish a *prima facie* claim for retaliation under Title VII in the absence of direct evidence, a plaintiff must show (1) he "engaged in protected participation or opposition under Title VII," (2) "the employer was aware of this activity," (3) "the employer took adverse action against the plaintiff," and (4) "a causal connection exists between the protected activity and the adverse action, *i.e.,* that a retaliatory motive played a part in the adverse employment action." *Fitzgerald v. Henderson*, 251 F.3d 345, 358 (2d Cir. 2001) (quoting *Sumner v. United States Postal Service*, 899 F.2d 203, 208–09 (2d Cir. 1990)). The elements of a retaliation claim under NYCHRL are similar. *Cadet-Legros v. New York Univ. Hosp. Ctr.*, 135 A.D.3d 196, 206 (1st Dep't 2015).

Obah's claims here, too, are conclusory and fail to survive the department's motion to dismiss. The section of Obah's complaint discussing retaliation largely recites the elements of the claim. Dkt. 17 ¶¶ 32–33, 36. The only facts he alleges are that he told the department that he had filed a complaint with the EEOC and it failed to change its policies. Dkt. 17 ¶ 34. The failure to change neutral policies, which Obah doesn't dispute apply to everyone, in response to being told about an EEOC complaint, doesn't allege an action that was either adverse or causal connected to any protected activity on Obah's part.

## CONCLUSION

Defendant's motion to dismiss the amended complaint, Dkt. 17, is GRANTED.[2] Obah may file one final amended complaint within 21 days of the issuance of this order.

The Clerk of Court is directed to terminate Dkt. 21.

SO ORDERED.

Dated: October 30, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge

---

[2] The court does not address the department's arguments on the 42 U.S.C. § 1981 claims, as Obah did not include any § 1981 claims in his amended complaint. The Court also declines to address the argument that the City of New York, and not the Probation Department, is the proper defendant in this action.